# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIARA RADCLIFFE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON COUNTY, GEORGIA, ET AL,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:26-CV-487-ELR<br><br>[Magistrate Judge McBath] |

## ORDER

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* (IFP). (Doc. 1.) For the below reasons, the Court **GRANTS** the application. The Clerk is **DIRECTED** to **TERMINATE** reference to the undersigned Magistrate Judge, and **SUBMIT** the case to the District Judge for a frivolity determination under 28 U.S.C. § 1915(e).

## I. DISCUSSION

The Court "may authorize the commencement […] of any suit, action, or proceeding […] without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][1] possesses that the person is unable to pay such fees or give security

---

[1] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (§ 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement."). "Courts routinely look to household income and assets in gauging ability to pay, regardless of whether the plaintiff's spouse is or is not a party." *David v. Dep't of the Army*, No. 1:20-CV-01619-JPB, 2020 WL 9595479, at *2 (N.D. Ga. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 9595489 (N.D. Ga. May 12, 2020); *see also Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) ("[t]he fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir.

2

1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the "permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).

Here, Plaintiff states that her monthly income is $5,500 from self-employment and gifts, and that she supports a minor son (age 4). (Doc. 1 at 1-3.) For assets, Plaintiff lists a home, but states that it is "pending litigation"; a 2016 Lincoln vehicle, valued at $5,000; $40 in a Bank of America checking account; and $20 cash. (*Id.* at 2-3.) Plaintiff lists monthly expenses totaling $970, as follows: $250 for food; $300 for transportation; and $420 alimony/maintenance paid to others. (*Id.* at 4-5.) In response to the question asking for any other information that explains why Plaintiff cannot pay the costs of these proceedings, Plaintiff states that she was illegally evicted, has been in family court for four years fighting for her child, and that she "hit hard times" due to Covid. (*Id.* at 5.) Based

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

on the numbers provided in Plaintiff's application, her monthly income exceeds her monthly expenses by $4,530. (*Id*. at 1-5.) It appears, however, that Plaintiff's application may be incomplete, as she lists only three monthly expenses. (*Id*. at 4-5.) Based on Plaintiff's statements of hardship, in connection with the fact that she is alleging illegal eviction and seeking a TRO, the Court finds that Plaintiff qualifies to proceed IFP. (*Id*. at 5; Doc. 1-1); *see also Martinez*, 364 F.3d at 1307 n.3 (noting that "a court's consideration of a party's ability to pay for costs and attorney's fees is not limited by the party's application for leave to proceed in forma pauperis, and that the court may 'look beyond the . . . application . . . to determine his financial condition'") (citing *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)).

## II. CONCLUSION

For the above reasons, Plaintiff's IFP application, (Doc. 1), is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** reference to the undersigned Magistrate Judge, and **SUBMIT** the case to the District Judge for a frivolity determination under 28 U.S.C. § 1915(e).

**SO ORDERED** and **DIRECTED** January 28, 2026.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE